UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JOY GLOBAL CONVEYORS, INC. | CIVIL ACTION NO. 17-cv-1121 |
| VERSUS | CHIEF JUDGE HICKS |
| RICHARD GOETTLE, INC. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

**Introduction**

Joy Global Conveyors, Inc. ("JGCI") contracted with Richard Goettle, Inc. to perform work in connection with a construction project in north Louisiana. Part of the project handled by Goettle failed, and JGCI refused to pay Goettle more than $300,000 that had not yet been paid under their contract. Goettle filed a breach of contract suit in Ohio, and JGCI filed this similar suit the next day.

Before the court is Goettle's Motion to Transfer Venue (Doc. 10) that invokes the first-to-file rule. Goettle asks the court to transfer this case to the federal court in Ohio, where its first-filed suit is pending. For the reasons that follow, the court will instead stay this civil action pending a ruling by the Ohio court on JGCI's motion to dismiss the Ohio suit for lack of personal jurisdiction or, in the alternative, transfer venue of that action to this court.

**Relevant Facts**

The owner of the Dolet Hills lignite mining operation contracted with JGCI's sister company to build an overland conveyor and truck dump at the mine in DeSoto Parish,

Louisiana. JGCI participated in the project and contracted with Goettle, an Ohio company, to design and build a retaining wall structure that was part of the project. Goettle was to receive approximately $2,000,000 under its contract.

Goettle completed its work and requested final payment. JGCI refused to pay the final invoice, which exceeded $300,000, and claimed that the retaining wall was defective and had failed. The failure allegedly caused a work stoppage, delays in the overall project, and required JGCI and its sister company to spend over $1,000,000 for a temporary conveying system. JGCI claims that Goettle's design and construction were defective in various ways. Goettle responds that the fault lies with JGCMI for not using specified fill material and allowing dump trucks to drive on a portion of the project before it was appropriate to do so.

The parties engaged in negotiations for a resolution, and JGCI sent a letter that allowed Goettle until September 4, 2017 to submit an agreeable plan to rebuild the wall. Goettle instead filed suit in an Ohio state court on September 5, 2017, one day after the deadline, for breach of contract and unjust enrichment. JGCI filed this civil action the next day, apparently unaware of the Ohio suit. JGCI's complaint in this case sets forth claims for breach of contract and negligence. It prays for an award of damages and the return of all monies paid to Goettle under their contract.

JGCI removed the Ohio action to federal court based on diversity jurisdiction. It is pending in the Southern District of Ohio (Cincinnati) as Case No. 1:17-CV-0613. JGCI quickly filed a motion to dismiss to challenge the Ohio court's ability to exercise personal jurisdiction over JGCI. It prayed, in the alternative, that the Ohio court transfer venue to

this Louisiana court based on 28 U.S.C. § 1404(a). Goettle filed a motion that asked the Ohio court to stay its proceedings pending the outcome of Goettle's motion to transfer that is now before this Louisiana court. The Ohio court has not yet acted on either of those motions or a motion for permission to conduct jurisdictional discovery that JGCI filed in that court.

**First-To-File Rule**

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 603 (5th Cir. 1999). "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 729 (5th Cir. 1985).

When a party moves to transfer under the first-to-file rule, the second-filed court must examine the two pending cases to see if the subject matter "might substantially overlap." Cadle Co., 174 F.3d at 606. The cases do not have to be identical. The rule is applicable if there is a "substantial overlap" in issues and parties. Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 950 (5th Cir. 1997).

If the likelihood of substantial overlap exists, the proper course of action is ordinarily for the second-filed court to transfer the case to the first-filed court. Id. The first-filed court can then decide whether the second suit filed must be dismissed, stayed, or transferred and consolidated. Cadle Co., 174 F.3d at 606; Sutter Corp. v. P&P Indus., Inc.,

125 F.3d 914, 920 (5th Cir. 1997). A party can avoid application of the first-to-file rule by demonstrating the presence of "compelling circumstances" that caution against the transfer. Gateway Mortg. Grp., L.L.C. v. Lehman Bros. Holdings, Inc., 694 Fed. Appx. 225, 227 (5th Cir. 2017), citing Mann Mfg., Inc. v. Hortex, Inc., 439 F.2d 403, 407 (5th Cir. 1971).

**Analysis**

The Ohio action is the first-filed case based on its filing in state court the day before this federal case was filed. This is so even though the Ohio case was not removed to federal court until after the Louisiana federal complaint was filed. The date of filing in state court is the relevant benchmark in assessing a first-to-file dispute when a removed case is involved. Bank of America v. Behringer Harvard Lake Tahoe, 2013 WL 2627085, *3 (M.D. Tex. 2013).

The next question is whether there is substantial overlap between the cases. In deciding if a substantial overlap exists, the court looks at factors such as whether the core issue is the same, or if much of the proof adduced would likely be identical. Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp., 665 F.3d 671, 678 (5th Cir. 2011). The complaints involve the identical parties and assert claims for breach of the contract based on Goettle's performance on the construction project. The core issues and the evidence that would be offered are essentially the same. Accordingly, there is substantial overlap.

JGCI does not contest that the Ohio suit was the first filed and that there is substantial overlap between the two cases. It argues that this court should nonetheless deny transfer because Goettle filed its suit in Ohio in anticipation of this suit and engaged in an improper race to the courthouse as part of a forum shopping strategy. The evidence

suggests that both sides selected a forum that they believed would be advantageous for the presentation of their claims for damages. There is no indication of impropriety by either side that would amount to compelling circumstances or otherwise affect the application of the first-to-file rule.

JGCI also argues, as it has in the Ohio court, that the Section 1404(a) convenience factors favor this Louisiana venue and that the Ohio court lacks personal jurisdiction over JGCI. The arguments are presented to this court as grounds for finding compelling circumstances to deny transfer to the court presiding over the first-filed case. The undersigned finds that it would be inappropriate for this court to speak to those issues and potentially interfere with or confuse the Ohio proceedings.

The court is persuaded, however, by JGCI's argument that this court should stay its decision pending a ruling by the Ohio court on JGCI's challenges to personal jurisdiction and venue. The Fifth Circuit, while discussing the principles that a court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court, has stated that "it sometimes may be appropriate to transfer the action or to stay it." West Gulf Maritime, 751 F.2d at 729 n. 1. "A stay may, for example, be appropriate to permit the court of first filing to rule on a motion to transfer." Id. If the first court transfers its action, the stay could be lifted and the cases consolidated. If the first-filed court denies transfer, the stay could be lifted and the second-filed action dismissed or transferred. Id. A number of district courts have elected to stay the second-filed case when jurisdiction or venue challenges have been raised in the first-filed case. NanoLogix, Inc. v. Novak, 2013 WL 6443376, *3 (N. D. Ohio 2013) (collecting cases).

A stay is appropriate in this case. It will not interfere with the Ohio court's ability to decide the motions before it, and it will serve the purpose of the first-filed rule and potentially save judicial resources. If this court were to transfer venue of this dispute to Ohio, only to have the Ohio court decide to dismiss both cases for lack of jurisdiction or transfer them to this court, there would be a great deal more time and effort expended by the clerks of court in both jurisdictions before the dust settled. Staying this action pending a decision by the Ohio court may avoid such wasted resources and even the potential that a new suit would have to be filed in Louisiana. If the Ohio court denies the request to dismiss or transfer the case before it, this court will lift its stay and likely transfer this second-filed action to the Southern District of Ohio pursuant to the first-to-file rule.[1]

**Conclusion**

Goettle's **Motion to Transfer Venue (Doc. 10)** is **denied**, but this court will **stay** further proceedings in this case pending a decision from the Southern District of Ohio on the motions filed in that court. The parties are directed to inform the Ohio court of this stay and inform this court promptly of any decision by the Ohio court with respect to the pending motions. The stay in this case does not extend to the expedited discovery that was allowed by a prior order (Doc. 21), to the extent any such matters are ongoing.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 9th day of March, 2018.

_____
Mark L. Hornsby
U.S. Magistrate Judge

---

[1] Nothing in this ruling is intended to comment in any way on the proper disposition of the motions before the Ohio court.