UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOY GLOBAL CONVEYORS, INC.         CIVIL ACTION NO. 17-cv-1121

VERSUS                              CHIEF JUDGE HICKS

RICHARD GOETTLE, INC.               MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

**Introduction**

Joy Global Conveyors, Inc. ("JGCI") contracted with Richard Goettle, Inc. ("Goettle") to perform work on a construction project in north Louisiana. JGCI filed this tort and breach of contract suit against Goettle and Goettle's insurer, Allied World Surplus Lines Ins. Co. Allied World declined to provide Goettle a defense, and it filed a declaratory judgment action against Goettle in an Ohio federal court that sought a declaration of its policy obligations.[1]

Before the court are (1) Goettle's Motion to Stay (Doc. 86) to await an anticipated Sixth Circuit ruling on insurance issues in the Ohio declaratory action and (2) JGCI's Motion to Strike (Doc. 92) that complains about the procedural propriety of Allied World's alternative request for a stay of only the insurance coverage issues. For the reasons that

---

[1] Goettle filed a breach of contract suit against JGCI in Ohio, but the Ohio court dismissed it for lack of personal jurisdiction. Richard Goettle, Inc. v. Joy Global Conveyors, Inc., 2018 WL 4701557 (S.D. Ohio 2018).

follow, both motions are denied. A conference will be set in due course to discuss a new scheduling order.

**Background Facts**

The owner of the Dolet Hills lignite mining operation contracted with JGCI's sister company to build an overland conveyor and truck dump at the mine in DeSoto Parish, Louisiana. JGCI participated in the project and contracted with Goettle, an Ohio company, to design and build a retaining wall structure that was part of the project. Goettle was to receive approximately $2,000,000 under its contract.

Goettle completed its work and requested final payment. JGCI refused to pay the final invoice, which exceeded $300,000, and claimed that the retaining wall was defective and had failed. The failure allegedly caused a work stoppage, delays in the overall project, and required JGCI and its sister company to spend over $1,000,000 for a temporary conveying system. JGCI claims that Goettle's design and construction were defective in various ways. Goettle responds that the fault lies with JGCI for not using specified fill material and allowing dump trucks to drive on a portion of the project before it was appropriate to do so.

JGCI filed this Louisiana civil action against Goettle for breach of contract and negligence. It prayed for an award of damages and the return of all monies paid to Goettle under their contract. JGCI later added Allied World as a defendant and alleged that it issued insurance policies to Goettle that provided coverage for the damages at stake.

Allied World declined to provide Goettle a defense to this Louisiana suit. It also filed a declaratory action against Goettle in an Ohio federal court and asked for a

declaration of its policy obligations. The Ohio district court ruled that Allied World owes Goettle a duty to defend it in this Louisiana suit, but the court held in abeyance a determination on Allied World's obligation to indemnify Goettle for any damages awarded in this case. The court reasoned that the indemnification issue could not be decided until this underlying Louisiana lawsuit is resolved. Allied World Surplus Lines Insurance Company v. Richard Goettle, Inc., 2019 WL 2270443 (S.D. Ohio 2019). The Ohio court ordered Allied World to pay Goettle more than $200,000 in interim defense costs and declined to stay that order pending appeal. Allied World Surplus Lines Insurance Company v. Richard Goettle, Inc., 2020 WL 886191 (S.D. Ohio 2020).

Allied World appealed the payment order based on Sixth Circuit precedent that allows an immediate appeal of such orders. Goettle filed a notice of cross-appeal. It hopes to persuade the Sixth Circuit to exercise pendent appellate jurisdiction to hear its challenge to the district court's deferral of a ruling on indemnification. The notices of appeal were filed in March 2020.

**The Motions to Stay and Strike**

Goettle moves to stay this Louisiana action pending the outcome of the appeals before the Sixth Circuit. It urges that the issues presented in the appeals are largely the same as JGCI's direct action claim in this suit against Allied World. It contends that a final decision of insurance issues by the Sixth Circuit will promote settlement negotiations in this case and potentially avoid the exchange of voluminous discovery and an untold number of potential depositions.

JGCI opposes the request for a stay. It notes that it is not a party to the Ohio suit and, it opines, it is unlikely the Sixth Circuit will exercise pendent jurisdiction and decide the merits of the coverage/indemnification issue. JGCI also points out that this Louisiana damages action is much broader than the Ohio declaratory judgment action. Accordingly, this Louisiana court will have to resolve the merits of the breach of contract and related damages claims regardless of any insurance-issues ruling by the Sixth Circuit.

Allied World filed a short memorandum and stated that it agrees with Goettle's request for a stay. It offered, in the alternative, that the court could issue a limited stay of just the coverage issues. JGCI took strong issue with Allied World making this alternative suggestion in its memorandum. It filed a Motion to Strike (Doc. 92) on the grounds that the alternative request was unfair because it did not give JGCI an opportunity to address it. JGCI then took the opportunity to address it and faulted the alternative request for a lack of explanation of what a stay as to the coverage issues would look like. Would it stay discovery related to coverage issues, or only keep them from going to trial? And would Allied World participate in discovery or trial?

**Analysis and Conclusion**

This case is three years old and was already stayed for significant periods of time to await a ruling from the Ohio court and allow the parties time to negotiate procedural issues. A scheduling order was finally implemented, but it was vacated in April 2020 at the request of the parties, so there is neither a discovery deadline nor trial date in place. JGCI states that there has been an exchange of written discovery, but no depositions have been taken. (The Ohio court's payment order in the declaratory action notes that some depositions were

taken in that case. JGCI is not a party to that case, so those depositions may not be of use in this Louisiana case.) The motion to vacate the scheduling order (Doc. 87) estimated a need for at least 20 depositions. Some will be taken in Louisiana, but other will be in Alabama, Ohio, Texas, or Missouri.

The court finds that the best exercise of its discretion in these circumstances is to deny the motion to stay and hold a status conference to discuss a new scheduling order. The Covid-19 pandemic and evolving state orders regarding various activities may make depositions more difficult to schedule or attend in the coming months, so the discovery process might take more than the customary time for a case of this nature. That counsels for getting started with depositions sooner rather than later.

A stay would park this case for what is likely several more months to await an appellate decision that may or may not have much effect on this case. The better course is to begin discovery now and begin moving toward a resolution of the merits of this case, but certainly with an eye on the appeals pending in the Sixth Circuit. If the appellate court issues a decision, this court can assess and determine whether some adjustment of the schedule or scope of the litigation is in order. For these reasons, the **Motion to Stay (Doc. 86)** is **denied**.

Allied World made the alternative request to stay only the coverage issues. The court is not inclined to attempt to fashion such an order at this time, so JGCI's **Motion to Strike (Doc. 92)** that argument is **denied** as moot. JGCI's criticisms of the lack of specificity about the proposed limited stay are, however, well taken. This litigation may reach a point where JGCI's direct claim against Allied World for damages under its policies

warrants consideration of special treatment to avoid the potential for inconsistent decisions and duplication of efforts. Counsel should give thought to what specific relief, if any, might be appropriate that would serve those interests and allow this long-in-the-tooth litigation to reach a resolution without undue delay. No such decisions need be made at this point, but if the Sixth Circuit decides the appeals and this case reaches the stage for a decision on the merits, consideration of those issues may be warranted. Such considerations would also take into account the procedural status, at that time, of the Ohio declaratory judgment action.

      THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of June, 2020.

Mark L. Hornsby
U.S. Magistrate Judge